HATCHETT, Judge,
dissenting.
The statute under challenge in this case, even as narrowly construed by the majority, still suffers from the constitutional infirmity of overbreadth since it is susceptible of application to protected speech. Unless this statute is further narrowed in a manner consistent with the opinion of this Court in State v. Saunders, 339 So.2d 641 (Fla.1976), and with the decisions of the federal courts on this subject,[1] this statute will remain invalid on its face. Although an allegedly vague statute may be reviewed on a case by case basis,[2] as to whether it gives adequate *1181 notice to any citizen whom the authorities prosecute under the statute, an overly broad statute must be authoritatively construed so that it does not operate as a deterrent to the exercise of citizen’s rights of free expression. Nobody can be punished under a statute purporting to outlaw spoken words, if the statute would be unconstitutional as applied to anybody.[3] The present statute should be narrowed so as to apply only to those disturbances caused by a narrow class of unprotected speech or conduct as defined in Saunders.[4]
An unconstitutional criminal statute should not be upheld merely because it is being applied to high school students rather than adults. Clearly, school authorities should have broad discretionary authority in the daily operation of the public schools. This includes wide latitude with respect to maintaining discipline and order. School authorities presently possess broad discretion in formulating and implementing school disciplinary regulations. Such regulations do not require the same degree of specificity necessary in our criminal statutes.[5] In Alex v. Allen, 409 F.Supp. 379 (W.D.Pa.1976), the Court upheld a school regulation being challenged on the grounds of vagueness and overbreadth. The Court stated that such disciplinary rules need to be considered under a looser standard than the test applied to criminal statutes. In addition, the Court stated that the looser standard of constitutional review of high school regulations is appropriate because of the greater authority possessed by the state to regulate the conduct of children as opposed to that of adults. In implementing these looser regulations, school authorities possess a wide range of remedies, from suspensions and expulsions to corporal punishment.[6] The application of these disciplinary measures need only to comply with minimum due process requirements.[7] However, when the state wishes to impose the full force of our criminal laws, juveniles should be afforded the same due process rights given to adults.
ENGLAND and SUNDBERG, JJ., concur.

. Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972); Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942); Wiegand v. Seaver, 504 F.2d 303 (5th Cir. 1974).

. State v. Saunders, supra, 339 So.2d at 644.

. Bigelow v. Virginia, 421 U.S. 809, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1975); Coates v. City of Cincinnati, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214; Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22.

. State v. Saunders, supra, 339 So.2d at 644.

. See Black Coalition v. Portland School District No. 1, 484 F.2d 1040 (9th Cir. 1973); Fenton v. Stear, 423 F.Supp. 767 (W.D.Pa.1976); Graham v. Board of Education, Idabel School District No. 5, 419 F.Supp. 1214 (E.D.Okla. 1976).

. The defendant might have been properly prosecuted for trespass, pursuant to Sec. 810.-08 or Sec. 810.09, Fla.Stat. (1975), by his remaining on school grounds after being told to leave by the school authorities.

. Goss v. Lopez, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed. 725 (1975).